TRUCK INSURANCE EXCHANGE, Plaintiff—Appellant,

v.

UNIGARD INSURANCE COMPANY, Defendant—Appellee.

No. 03–15079, 03–15119. D.C. No. CV–02–01882–LKK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided Feb. 18, 2004.

Palmer J. Swanson, Swanson & Antognini, Sacramento, CA, for Plaintiff–Appellant.

Bruce Celebrezze, Sedgwick, Detert, Moran & Arnold, San Francisco, CA, for Defendant–Appellee.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM *

Truck Insurance Exchange ("Truck") appeals the district court's grant of summary judgment in favor of Unigard Insurance Company ("Unigard"). Truck claims that both it and Unigard had a duty to defend joint insureds in an action by a

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

third party ("Schrimsher") against the insureds. Truck, having solely defended the insureds in the *Schrimsher* action, claims a right of equitable contribution from Unigard.

Under California law, an insurer has "a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 54 Cal. Rptr. 104, 419 P.2d 168, 177 (1966). The insurer must look for potential coverage in the complaint itself and also in extrinsic facts known to the insurer at the time defense is tendered. *See Horace Mann Ins. Co. v. Barbara B.*, 4 Cal.4th 1076, 17 Cal.Rptr.2d 210, 213, 846 P.2d 792 (1993).

Under its policy, Unigard was obligated to provide a defense to the insureds "[i]f a claim is made or a suit is brought against an 'insured' for damages ... from 'personal injury.'" Personal injury includes slander or defamation and invasion of privacy. Even though remote facts buried within causes of action may give rise to coverage and hence a duty to defend, there are no facts alleged in the *Schrimsher* complaint and cross-complaint that could give rise to a claim for slander or defamation, or for invasion of privacy under either common law or the California Constitution. *See Barnett v. Fireman's Fund Ins. Co.*, 90 Cal.App.4th 500, 108 Cal.Rptr.2d 657 (2001). Thus, the district court's grant of summary judgment was proper.

AFFIRMED.